Crew, J.
(dissenting). I cannot concur in the con elusion reached, by a majority of the court, that tht judgment of conviction in this case was right and should be affirmed. The affidavit filed in this case before the magistrate, and upon which the defendant, A. S. Rippeth, was put upon trial and convicted, charged that he, “A. S. Rippeth, did unlawfully sell and deliver unto one Martin Cowen a certain article, to-wit r oleomargarine to the amount of one pound, which oleomargarine then and there contained artificial (yellow) coloring matter, the name of which coloring matter is unknown to this affiant, contrary to the statute in such case made and provided and against the peace and dignity of the state of Ohio.” The offense charged in this affidavit is the unlawful sale and delivery to Martin Cowen, of oleomargarine containing artificial coloring matter, contrary to the statute in such case made and provided; and to warrant a conviction of the defendant upon this affidavit, it was incumbent upon the state to establish and prove the particular offense therein charged, to-wit: the unlawful sale to Cowen. The undisputed testimony in this case establishes the fact that Martin Cowen was an inspector in the dairy and food department of the state of Ohio, and that the oleomargarine furnished and delivered to him by Rippeth, was furnished and delivered at the request or demand of Cowen, and for the sole purpose of an *89 alysis. Section 4200-16, Revised Statutes, provides, that: “No person shall manufacture, offer or expose for sale, sell or deliver, or have in his possession with intent to sell or deliver, any oleomargarine-which contains any methly (methyl), orange, butter-yellow, annato, analine dye, or any other coloring-matter.” Section 4200-7, Revised Statutes, provides that: “Every person manufacturing, offering or exposing for sale, or delivering to-a purchaser, any drug or article of food included in the provisions of this act, shall furnish to any person interested, or demanding-the same, who shall apply to him for the purpose, and shall tender him the value of the same, a sample sufficient for the analysis of any such drug or article of food which is in his possession.” And by section 4200-8, Revised Statutes, it is provided that: “Whoever refuses to comply,' upon demand, with the requirements of section four (section 4200-7), and whoever violates any of the provisons of this act, shall be guilty of a misdemeanor, and upon conviction shall be fined not exceeding one hundred dollars nor less than twenty-five dollars, or imprisoned not exceeding one hundred nor less than thirty days, or both. ’ ’ It will be observed that above section 4200-7, Revised Statutes, is not merely directory, but is in terms peremptory and mandatory, and a failure to comply with its provisions, is by section 4200-8, Revised Statutes, made a misdemeanor punishable by fine or imprisonment or both. If then the sample of oleomargarine furnished and delivered by Rippeth to the inspector, Cowen, on his demand, and for the purpose of analysis, was oleomargarine which Rippeth was. “offering or exposing for sale,” then such furnish *90 ing and delivery by Rippetb was, by force of the provisions of section 4200-7, made compulsory, and such furnishing would not therefore, in legal intendment , amount to or constitute a sale, inasmuch as in such transaction one of the essential elements of the contract of sale is wanting, viz.: the voluntary assent of the seller. Furthermore, section 4200-7, Revised Statutes, as we have seen, peremptorily commands and requires a dealer in oleomargarine, to furnish to the inspector, or any person demanding the same, on demand and tender of the price, a sample of such oleomargarine for the purpose of analysis, and a penalty is provided for his refusal so to do. So that, what was done by Rippeth in this ease, in the matter of furnishing or delivering to Cowen, the inspector, this sample of oleomargarine, was that only which the statute itself commanded and required him to do in that behalf, and such furnishing by him was, therefore, a compliance with and an obedience of the positive mandate of the statute rather than a transgression or violation of its provisions and requirements, and was therefore not unlawful. The statute having made the furnishing of a sample, for the purpose of analysis, obligatory and compulsory, a furnishing for such purpose is not a crime, and cannot rightfully be made a predicate for the criminal prosecution of the person so furnishing said sample. I do not question the constitutionality of section 4200-7, Revised Statutes, or the authority of the legislature to enact such statute. The provisions of said section requiring the manufacturer or dealer, upon demand and tender of the price, to furnish for the purpose of analysis a sample of the article offered or exposed for sale by such manufacturer or dealer, is I think a reasonable provision and requirement, and such an *91 one as it is within the authority of the legislature to enact as an appropriate and necessary means for making effectual the various provisions of the so-called “pure food laws,” which laws have for their purpose the protection of the public health. But I cannot assent to the interpretation and effect given the provisions of this section, and that of section 4200-16, by the majority of the court.' Certainly I think, it could never have been intended by the legislature that such compulsory furnishing, although the price be accepted by the dealer, should, within the meaning of section 4200-16, constitute an unlawful sale, or that such transaction should of itself furnish grounds for the criminal prosecution of the person so furnishing or delivering said sample. To so construe this statute as to give it such effect, is not only to impute to the legislature an intention to exercise a power which clearly it does not possess, but is to make the statute itself invalid; for the legislature is without right to make unlawful and criminal the doing .of the very thing which by positive enactment it commands and enjoins to be done. A construction that gives to this statute such an effect and produces such a result, offends against reason and good conscience, renders the statute invalid, and should not therefore be adopted. Section 4200-7, is, as stated in the majority opinion of the court, a police regulation, and it was doubtless thereby intended to provide a means whereby the state could procure, by compulsory process, from the manufacturer or dealer in any drug or article of food, a sample thereof for the purpose of analysis, to the end, that evidence of adulteration, etc., might thus be obtained, for use in a proper case; and the enforcement of the “pure food laws” thereby be made the more effectual. But it was *92 never intended by tbe legislature that the furnishing- or delivery of such sample for the purpose of analysis, in obedience to the express command of the-statute, should itself be unlawful, or that such compulsory furnishing for such purpose should be a. crime, and I shall lose my respect for the law when it so far loses its character for justice, as to make highly penal, the doing of an act, the performance of' which it peremptorily commands and enjoins as a duty. For the reasons above stated I am of opinion that the judgment of the circuit court, reversing the* judgment of conviction in this case, was right and should be affirmed.